[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
DEVLN, J.
This is a personal injury action arising out of a collision between a City of New Haven street sweeper operated by Domingo Rogers (a City employee) and another vehicle occupied by the plaintiff, Thomas White ("White") (also a City of New Haven employee). White has moved to strike the second and third special defenses raised by the defendants. The special defenses assert the exclusivity of workers compensation as the remedy available to the plaintiff.
The second special defense is raised by the City of New Haven and claims that General Statutes § 31-284 bars the plaintiff's action against the City. Section 31-284 sets forth the general rule that worker's compensation is the exclusive remedy for claims against employers brought by employees injured in the course of their employment. At oral argument, counsel for White withdrew the motion to strike at to his special defense.
The third special defense pleads general statute § 31-293a as a bar to the action against Domingo Rogers — a fellow employee of White. Section 31-293a also makes workers compensation the exclusive remedy for actions between employees. This statute, however, makes and exception for actions against the fellow employee based on negligence in the operation of a motor vehicle.
White's motion to strike is based on his claim that, as a matter of law, his allegations fall within the exception provided by § 31-293a. White asserts that his lawsuit is a claim of negligence in the operation of a motor vehicle by Domingo Rogers. CT Page 12210
Domingo Rogers claims that the exception to § 31-293a
does not apply because the street sweeper involved in this case is not a motor vehicle. Rogers cites the definition of "motor vehicle" as set forth in General Statutes § 14-1. That statute excludes from the definition motor vehicle, "special mobile equipment as defined in subsection (i) of Section 14-165." Section 14-165(i) defines special mobile equipment to include street sweepers. Based on these statutes, Rogers argues that street sweepers are not motor vehicles and therefore his special defense is cognizable.
Whether the street sweeping vehicle involved in this case is a "motor vehicle" is a question of fact. That factual decision will control the applicability of the exclusivity bar pleaded in the third special defense. Under such circumstances, the motion to strike this defense must be denied.
The motion to strike the second special defense was withdrawn by the plaintiff at oral argument. The motion to strike the third special defense is denied for the reasons set forth above.
So Ordered, at New Haven, Connecticut, this 28th Day of October, 1998
Devlin, J.